**Lola M. BOYLE, Individually and as Mother and Next Friend of Clifton Shoular, Jr., a Minor, Plaintiff,**

**and**

**Donald L. Johnson, Appellee,**

**v.**

**CHICAGO HOUSING AUTHORITY, a municipal corporation, B.R. Abbott Construction Company, an Illinois corporation, Great Lakes Plumbing and Heating Company, an Illinois corporation, et al., Defendants.**

**Appeal of Joseph R. MARCONI.**

**Nos. 90–2504, 90–2680.**

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1991.

Decided Oct. 22, 1991.

Daniel C. Meenan, Jr. (argued), Feiwell, Galper & Lasky, Joseph R. Marconi, Johnson & Bell, Donald L. Johnson, Steven R. Hansen, Melvyn M. Weisberg, Weisberg & Associates, Michael P. Siavelis (argued), Chicago, Ill., for plaintiff, appellee.

Martin P. Greene, Frank M. Grenard, Eileen M. Letts, Jones, Ware & Grenard, William J. Furey, David A. Johnson, Cassiday, Schade & Gloor, Francis D. Morrissey, Gary W. Fresen, Baker & McKenzie, William J. Winger, Elizabeth W. Speidel, Ross & Hardies, Mark C. Friedlander, Neal, Gerber & Eisenberg, Ira Gould, Holleb & Coff, Chicago, Ill., for defendants, appellee.

Before WOOD, Jr., CUDAHY and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal arises from a fee-splitting dispute between attorneys. The issues involved are jurisdictional and therefore we will relate only the facts related to these issues.

In 1987, the plaintiff, Lola Boyle ("Boyle"), filed a personal injury lawsuit in federal court on behalf of her minor son. Federal jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332. At the time the suit was filed, Boyle was represented by Appellant, Joseph R. Marconi ("Marconi"). In 1988, Marconi asked attorney Donald L. Johnson ("Johnson"), Appellee, to assist him in the preparation and trial of the lawsuit. Johnson then filed his appearance on behalf of Boyle and also filed a contingent fee agreement.[1] The fee agreement provided that Johnson would receive one-third of any recovery plus costs of suit. Although Johnson and Marconi both acknowledge that they had a fee-sharing agreement, the terms of that agreement are disputed.

On January 25, 1989, the district court granted Marconi leave to withdraw as attorney for Boyle. Johnson then sought the assistance of another attorney, Steven Hansen ("Hansen"), and Hansen filed his appearance as additional counsel for Boyle. Prior to trial the case was settled, and the district court approved the settlement agreement. Johnson filed a motion seeking distribution of the settlement proceeds free and clear of any liens of former attorneys. Marconi then sought leave of court to intervene for the limited purpose of objecting to Johnson's motion with respect to prior attorneys' liens. In a subsequent motion for distribution, Johnson represented to the court that an agreement had been reached with the prior claiming attorneys. Following Johnson's representation to the district court, on June 5, 1989, an order was entered authorizing the payment of the net settlement proceeds to Boyle and attorney's fees to Johnson "free and clear of any claims for attorneys' fees by any prior attorneys of the plaintiff."

Marconi alleges that in the months following the district court's order, Johnson refused to disburse the attorney's fees obtained as a result of the settlement. On May 23, 1990, Marconi filed suit against Johnson in state court claiming that Johnson breached a contract to split attorney's fees. On May 25, 1990, Marconi filed a motion to vacate the district court order of June 5, 1989, and requested that the settlement funds (presumably the attorney's fee portion only) be deposited with the court until resolution of the fee dispute. At this point, more attorneys joined the fray. Douglas Morrison ("Morrison"), a former partner of Marconi, filed a motion to enforce the settlement agreement. Morrison and Marconi had been partners during Marconi's representation of Boyle, and Morrison was attempting to protect his financial interest in the settlement.

On May 25, 1990, the district court conducted a hearing on the pending motions. In attendance were the attorneys for John-

---

1. The contingent fee agreement was filed in compliance with Rule 39(d) of the Rules of the United States District Court for the Northern District of Illinois.

son, Marconi, and Morrison. Also present was Melvyn Weisberg ("Weisberg")—an attorney from the law firm that employed Hansen. At the hearing, the district judge made diligent efforts to encourage a settlement among the factions—to no avail.[2] The district court found that it lacked jurisdiction to resolve the motions of Marconi and Morrison and referred the motions to the Circuit Court of Cook County. On June 5, 1990, Marconi filed a motion to reconsider the district court's order of May 25, 1990. The district court denied Marconi's motion to reconsider on June 27, 1990, and on July 6, 1990, Marconi filed a notice of appeal from the denial of his motion for reconsideration and his motion to vacate the order of June 5, 1989.

Johnson first argues that this court is without jurisdiction to consider Marconi's appeal. Initially, Johnson misrepresents the nature of Marconi's appeal by asserting that the appeal is from the district court's order of June 5, 1989. This characterization is erroneous and, in fact, Marconi's notice of appeal states that the appeal is from the district court's denial of his motion to reconsider which was entered on June 27, 1990, and the underlying order of May 25, 1990, in which the district court declined to exercise jurisdiction.

■■■■ The rule in this circuit is that "all substantive motions served within ten days of the entry of a judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). Mar-

coni's motion to reconsider was filed on June 5, 1990,[3] and was therefore timely. Fed.R.Civ.P. 59(e) and 6. Marconi's notice of appeal of July 6, 1990, filed within thirty days of the denial of his motion to reconsider (June 27, 1990), is timely as to the May 25, 1990, order as well as the denial of the motion itself. Fed.R.App.P. 4(a)(4); *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 876 (7th Cir.1988). We therefore find that jurisdiction before this court is proper.

■■■■ Marconi's motion seeking to vacate the district court's order of June 5, 1989, is based on Rule 60(b)(6).[4] Marconi alleges that the district court's order of June 5, 1989, was obtained through Johnson's fraudulent representations to the court that the dispute among the attorneys had been settled.[5] Johnson argues that Marconi's motion seeks "judicial enforcement of a collateral fee splitting agreement between two residents of the same state who were not parties to the underlying litigation." On the contrary, Marconi merely seeks vacation of an order that authorized payment of attorney's fees free and clear of prior attorney's liens. Marconi is *not* requesting enforcement or adjudication of the disputed fee-splitting agreement—he simply asks the court to vacate an order which could have a preclusive effect on his ability to enforce an attorney's lien arising from his prior representation of Boyle.

Johnson argues that our holding in *McCall–Bey v. Franzen*, 777 F.2d 1178 (7th

---

**2.** The underlying case had been settled for a gross recovery of $730,000.00, with the resulting attorney's fee of $243,333.33. In attempting to effectuate a settlement, the district court observed that the remaining dispute appeared to involve approximately $11,000 and with everyone hiring an attorney the result could be de minimus.

**3.** Johnson, in the jurisdictional statement of his brief, asserts that the motion to reconsider was not filed in a timely manner and refers to the date of June 20, 1990, stamped on the original motion filed with the clerk's office. However, the record reveals a "Received" stamp dated June 5, 1990, on the back of the last page of the motion. It is curious that Johnson would have this court believe that Marconi's motion to reconsider was filed on June 20, 1990, in light of

the fact that Johnson's response to Marconi's motion was filed five days earlier on June 15, 1990.

**4.** Rule 60(b)(6) states, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for … (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

**5.** We regretfully note that in addition to the allegations in support of Marconi's claim of fraud on the court, the briefs of both parties reflect an attempt to impugn the integrity of the other party through unsupported allegations and innuendo irrelevant to the resolution of the issues. *See* 7th Cir.R. 28(d).

Cir.1985), is dispositive of this case. *McCall–Bey* stands for the proposition that absent an independent jurisdictional basis, federal courts do not possess the authority to enforce the terms of a settlement agreement that brings about voluntary dismissal of a lawsuit. *Id.* at 1189. If the relief requested by Marconi was enforcement of the settlement agreement, Johnson would be correct in his analysis. However, while we agree that *McCall–Bey* controls here, it is because "[a]ny time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule, some of which have no time limit." *Id.* at 1186.

We do not take a position on the relative merits of Marconi's motion to vacate, but we do find that the district court had jurisdiction to make a substantive ruling on the motion. Therefore, the denial of the motion to reconsider and the denial of the motion to vacate are reversed, and this matter is remanded for proceedings consistent with this opinion.